**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4235**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEE ANDREW ALSTON, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-315; CR-04-316)

---

Submitted:  March 8, 2006                    Decided:  April 10, 2006

---

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Danielle Bess Obiorah, LAW OFFICES OF DANIELLE BESS OBIORAH, P.C., Charlotte, North Carolina, for Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lee Andrew Alston, Jr., pled guilty to two counts of armed bank robbery, 18 U.S.C. § 2113(d) (2000), and one count of carrying and using, by brandishing, a firearm during and in relation to a crime of violence, 18 U.S.C.A. § 924(c)(1)(A) (West 2000 & Supp. 2005). Alston was sentenced to seventy-eight months in prison for the robberies. The sentences run concurrently. He also was sentenced to a consecutive sentence of eighty-four months for the firearm offense. Alston's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising one issue but stating that, in her opinion, Alston validly waived his appellate rights and there are no meritorious issues for appeal. Alston was advised of his right to file a pro se informal brief, but did not file such a brief. The United States argues on appeal that this court must enforce the waiver-of-appellate rights provision in Alston's plea agreement. We agree and dismiss the appeal.

I

Alston's written plea agreement contained the following provision:

It is further agreed . . . that in exchange for the government's agreement to dismiss the remaining counts of the Indictments . . ., the defendant expressly waives the right to appeal whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a) . . ., excepting the

- 2 -

defendant's right to appeal based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea.

The plea agreement set forth the minimum and maximum sentence that Alston faced and made clear that the sentencing guidelines applied. Alston, through counsel, admitted that he was guilty of the offenses to which he was pleading guilty.

At his Fed. R. Crim. P. 11 hearing, the district court ascertained that Alston was thirty-one years old and a high school graduate. Alston was not under the influence of drugs or alcohol. The court identified the rights that Alston waived by going to trial, and specifically mentioned the right to appeal. The court stated:

Now part of . . . your plea agreement[] includes a limited right of appeal. . . . In exchange for the government dismissing other counts of [the] indictment[], . . . you give up your right to appeal whatever sentence is imposed, except upon four grounds: ineffective assistance of counsel, misconduct by the prosecution, not known to you at the time of your guilty plea; any sentence in excess of the statutory maximum, or any sentence based on an unconstitutional factor.

Alston informed the court that he understood this waiver. The district court concluded that the plea was voluntary and intelligent and that there was a factual basis for the plea. The court accordingly found Alston guilty of the robberies and the firearm offense.

Alston's presentence report (psr) calculated a total offense level of 26 for the robberies. Alston's criminal history

category was III, for a guideline range of 78-97 months. The psr also stated that Alston was statutorily subject to a consecutive sentence of at least seven years for the firearm offense. Alston objected to the psr, claiming that both the offense level and criminal history category were incorrectly calculated.

The district court overruled both objections at sentencing. The court observed that the guidelines were advisory and stated that it had considered "all of the factors that the Court considers in determining a reasonable sentence." Alston was sentenced to seventy-eight months in prison for each robbery; those sentences run concurrently. He also was sentenced to a consecutive seven-year sentence for the firearm offense.

II

In the Anders brief, counsel contends that the district court erred when it imposed a sentence under the mandatory guidelines scheme. However, counsel concedes that there are no meritorious issues for appeal. The Government replies that Alston waived his right to appeal.

This case is governed by our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate rights provision in a plea agreement was enforceable after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). We employed a two-

part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Having decided that it was, we asked whether the issues raised on appeal were within the scope of that waiver. They were, and the appeal was subject to dismissal. Blick, 408 F.3d at 169-73.

This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Alston's waiver was clearly knowing and voluntary. He was thirty-one, a high school graduate, and not under the influence of drugs or alcohol when he entered his plea. The district judge questioned him about the waiver of his appellate rights, and Alston stated that he understood this waiver. The details of the waiver were clearly set forth in the written plea agreement, which Alston signed after consultation with his lawyer.

In his plea agreement, Alston waived the right to appeal his sentence, reserving the right to appeal a limited number of

issues.  Here, he contends that the district court erred in treating the guidelines as mandatory.  This is an issue that lies within the scope of the appellate waiver and, under <u>Blick</u>, the matter is not reviewable on appeal.

As required by <u>Anders</u>, we have reviewed the entire record on appeal and have found no meritorious issues for appeal.  We therefore dismiss the appeal.  The court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>